GEORGE P. KELESIS, ESQ.
Nevada Bar No. 000069
COOK & KELESIS, LTD.
517 South Ninth Street
Las Vegas, Nevada 89101
Phone: (702) 737-7702
Fax: (702) 737-7712a
E-mail: gkelesis@bckltd.com

SUNETHRA MURALIDHARA
Nevada State Bar No. 13549
WRIGHT MARSH & LEVY
300 S. Fourth St. Ste. 701
Las Vegas, Nevada 89101
Phone:  (702) 382-4004
E-mail:  smuralidhara@wmllawlv.com
*Attorneys for Mr. Raul Gil*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:22-cr-00147-APG-EJY |
| Plaintiff, | |
| v. | **STIPULATION TO AMEND PLEA AGREEMENT** |
| RAUL GIL, | |
| Defendant. | |

     Jason M. Frierson, United States Attorney and Thomas W. Flynn, Trial Attorney, Tax Division, as counsel for the United States of America, and George P. Kelesis and Sunethra Muralidhara, as counsel for the defendant, Raul Gil, hereby stipulate that the Plea Agreement for Defendant Raul Gil Pursuant to Fed.R.Crim.P. 11(c)(1)(A) and (B) [ECF 7] ("Plea Agreement") filed in the above-entitled action on August 2, 2022, be amended to incorporate an amendment to the federal sentencing guidelines that became effective November 1, 2023 and which will be in effect at the time set for sentencing in this matter.

1

This Stipulation is entered into for the following reasons:

1. On August 2, 2022 Defendant Raul Gil appeared before the court and entered a plea of guilty to a single count of tax evasion pursuant to 26 U.S.C. § 7201 as more fully set forth in the Criminal Information filed that same date [ECF 5] and the contemporaneously filed Plea Agreement [ECF 7].

2. The Plea Agreement including a number of stipulated sentencing factors for the court's consideration, including an acknowledgment that "[t]he District Court will determine defendant's criminal history category under the sentencing guidelines."

3. In April 2023, the U.S. Sentencing Commission promulgated amendments, including Amendment 821 to the federal sentencing guidelines, which became effective November 1, 2023.

4. Part B of Amendment 821 creates a new section to the guideline manual which reads in pertinent part:

> *§4C1.1. Adjustment for Certain Zero-Point Offenders*
>
> *(a)    Adjustment.— If the defendant meets all of the following criteria:*
>
> *(1) the defendant did not receive any criminal history points from Chapter Four, Part A;*
> *(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);*
> *(3) the defendant did not use violence or credible threats of violence in connection with the offense;*
> *(4) the offense did not result in death or serious bodily injury;*
> *(5) the instant offense of conviction is not a sex offense;*
> *(6) the defendant did not personally cause substantial financial hardship;*
> *(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;*
> *(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);*
> *(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and*
> *(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;*
>
> *decrease the offense level determined under Chapters Two and Three by 2 levels.*

4. Defendant Gil has no prior criminal history and meets all criteria for application of the 2-level adjustment under the foregoing recommended amendment.

5. Accordingly, the parties stipulate that Section VII (Sentencing Factors), paragraphs 15 and 16, and Section VIII (Positions Regarding Sentencing), paragraph 18, be amended to incorporate the provisions of the Amendment 821 to the Guidelines Manual that will be effective at the time of sentencing as follows:

VII.   SENTENCING FACTORS

\* \* \*

15. <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the United States will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (d) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (e) attempts to withdraw defendant's guilty plea; (f) commits or attempts to commit any crime; (g) fails to appear in court; or (h) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the District Court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the United States recommends a two-level downward adjustment pursuant to the preceding paragraph, the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources. The United States anticipates recommending a three-level reduction pursuant to USSG §§3E1.1(a) and (b).

16. <u>Criminal History Category</u>. Defendant acknowledges that the District Court may base defendant's sentence in part on defendant's criminal record or criminal history. Assuming that Defendant has zero points for his criminal history category and is a "zero-point offender" under the criteria established by section §4C1.1. in Amendment 821, the total applicable offense level in this matter is 21. A total offense level of 21 results in a guideline range of 37-46 months.

VIII. POSITIONS REGARDING SENTENCING

18. The parties will jointly recommend that the District Court impose a sentence of 37 months' imprisonment. The parties agree that a sentence of 37 months is sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553. The parties also agree that a term of supervised release of three years is appropriate, and that given the amount of mandatory restitution to be paid by Defendant, a fine is not necessary.

The parties acknowledge and agree that all other terms, conditions, obligations, rights and responsibilities set forth in the August 2, 2022 Plea Agreement [ECF 7] shall remain in effect.

The parties represent this stipulation is made in good faith for the purpose of promoting the ends of justice.

DATED this  6th day of December 2023.

COOK & KELESIS, LTD.

By: *George Kelesis /s*  
GEORGE P. KELESIS, ESQ.  
Nevada Bar No. 000069  
*Counsel for Defendant Gil*

*Sunethra Muralidhara /s*  
SUNETHRA MURALIDHARA  
Nevada Bar No. 013549  
*Counsel for Defendant Gil*

JASON M. FRIERSON  
UNITED STATES ATTORNEY

By: *Thomas W. Flynn /s*  
THOMAS W. FLYNN, *Trial Attorney*

**ORDER**

For good cause appearing, this Court ORDERS that it will canvass the defendant and counsel regarding the stipulations made herein at the time of sentencing, currently set for January 4, 2024 at 1:30 PM. The Court will then consider these stipulations and other arguments made by the parties when imposing its ultimate sentence.

_____  
UNITED STATES DISTRICT JUDGE  
DATED: December 7, 2023